IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCGRAW PROPERTIES SOLUTIONS LLC a/a/o ATLAS HOLDINGS INVESTMENT, LLC DBA BROOKVIEW VILLAGE APARTMENTS, LLC, <br><br>  Plaintiff/Counter-Defendant, <br><br> v. <br><br> WESTCHESTER SURPLUS LINES INSURANCE COMPANY, <br><br>  Defendant/Counter-Plaintiff. | Case No. 2022-cv-396 |

### DEFENDANT AND COUNTERCLAIM PLAINTIFF WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO COMPEL AN EXAMINATION UNDER OATH AND STAY LITIGATION

NOW COMES Defendant and Counterclaim Plaintiff, Westchester Surplus Lines Insurance Company ("Westchester"), by and through their attorneys, Foran Glennon Palandech Ponzi & Rudloff P.C., and moves this Court for summary judgment or, in the alternative, to compel Plaintiff and Counterclaim Defendant McGraw Properties Solutions LLC a/a/o Atlas Holdings Investment, LLC d/b/a Brookview Village Apartments, LLC ("McGraw"), to provide an Examination Under Oath ("EUO") as required under the Westchester insurance policy ("Policy") and to stay the litigation pending completion of the EUO, Westchester respectfully shows the Court as follows:

### INTRODUCTION

This lawsuit involved a storm damage claim made by Plaintiff under a first-party property insurance policy ("Policy") issued by Westchester. Section E, Loss Conditions portion of the Policy of Atlas Holdings Investment, LLC ("Atlas"), has a contractually mandated requirement that Atlas must appear for an EUO when requested by Westchester. The Policy's clause provides:

> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:
>
> \* \* \*
>
> 3. Duties In The Event Of Loss Or Damage
> a. You must see that the following are done in the event of loss or damage to Covered Property:
>
> \* \* \*
>
> (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
>
> \* \* \*
>
> (8) Cooperate with us in the investigation or settlement of the claim.
>
> \* \* \*
>
> b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records, in the event of an examination, an insured's answers must be signed.

(Docket 1-1, PDF pages 31-32)

The parties agree that, prior to the filing of this lawsuit, McGraw took an assignment of the claim of Atlas in order to recover for alleged damages arising from a claim that might be covered by the Policy. (Docket 18, Counterclaim paragraphs 8-13 and Docket 19, Counterclaim paragraphs 8-13). In accordance with the terms of the Policy, McGraw, through its assignment of the claim owned by Atlas, is obligated to comply with the Policy's terms and provisions. (Docket 18, Counterclaim paragraphs 8-13 and Docket 19, Counterclaim paragraphs 8-13). Prior to the filing of this lawsuit Westchester requested the EUO of a corporate representative of

2

McGraw because it had concerns that the alleged storm damages were: (1) from earlier events that pre-dated Westchester's Policy coverage, (2) included maintenance related issues that Plaintiff was passing off as storm damage, and (3) were grossly exaggerated by Plaintiff in terms of quantum. Westchester's demand for an EUO also included requests for documents pursuant to paragraph 3a(6) of Section E above that would assist in determining the validity of Plaintiff's claims. (Docket 18, para. 23 and Docket 11-3).

Although an EUO was requested *prior* to the filing of this lawsuit, and Plaintiff *agreed* on several occasions to present a witness for the mandatory EUO, Plaintiff later refused to appear for the EUO and filed this suit instead. (Docket 18, Counterclaim paragraphs 20-30).

Under applicable law, appearing for an EUO is mandatory if required by an insurance policy and the failure to appear for an EUO supports the granting of summary judgment for an insurer due to the breach of a required policy requirement. *Employers Mut. Cas. Co. v. Skoutaris*, 453 F.3d 915, 925 (7th Cir. 2006); *Wood v. Allstate Ins. Co.*, 21 F.3d 741, 746 (7th Cir. 1994) ("To refuse to submit to an EUO is to breach a policy's cooperation clause, and an insured who does so is not entitled to recover proceeds under the policy").

Alternatively, since the duty to cooperate clause in the Policy mandates appearing for an EUO and to produce records when requested, and compliance with all requirements of the Policy is required before a lawsuit on the Policy is permitted, Illinois law mandates compelling of Plaintiff to satisfy the EUO required by the Policy and to stay this litigation until an EUO is completed. Plaintiff's attempt to renege on complying with a mandatory, condition-precedent requirement before filing suit should not be countenanced. (Docket 18, Counterclaim paragraphs 20-30 and 42-44). Under Illinois law, compliance with the Policy's pre-requisite requirements before suit can be pursued is mandatory and not optional. *Piser v. State Farm Mut. Auto. Ins. Co.*, 405 Ill. App. 3d 341, 347 (1st Dist. 2010); *Horton v. Allstate Ins. Co.*, 125 Ill. App. 3d 1034, 1036-37 (1st Dist. 1984).

## UNDISPUTED MATERIAL FACTS

McGraw is an assignee of a claim owned by Atlas with regard to purported damage to its commercial property. (Dockets 18 and 19 Counterclaim para 3). Atlas, the owner of the subject building, was insured through the Policy issued by Westchester. (Dockets 18 and 19 Counterclaim paras. 8-9). The Policy insured against physical loss to the building due to any covered cause of loss unless limited or excluded by the terms of the Policy. (Dockets 18 and 19 Counterclaim para. 10). Atlas submitted a claim under the Policy and later assigned this submitted claim to McGraw so that McGraw acquired the rights to pursue the claim under the terms of the Policy. (Dockets 18 and 19 Counterclaim paras. 11-13).

Prior to the filing of any lawsuit, it is mandatory under the Policy that Atlas appear for an EUO. (Docket 18 Counterclaim paras. 19 and 42). On May 6, 2021 Westchester, as part of its investigation into coverage for the claim submitted by Atlas, requested an EUO. (Docket 18 Counterclaim para. 20). On May 21, 2021, Plaintiff's counsel agreed to present someone for the mandatory EUO. (Docket 18 Counterclaim para. 21). Rather than complying with the condition precedent requirement of appearing for an EUO when requested before any lawsuit could be filed, Plaintiff reneged on its agreement to comply with the EUO obligation and, instead, filed this lawsuit on June 10, 2021 – five weeks *after* the EUO was requested. (Docket 18 Counterclaim paras. 21-22). Westchester's counsel renewed its request for the completion of the mandatory EUO on June 15, 2021, but none of the dates offered in July were accepted nor were alternative dates offered by Plaintiff's counsel. (Docket 18 Counterclaim paras. 23-24). Although a specific list of documentation required to assist in the analysis of coverage under the Policy was provided to Plaintiff's counsel on June 15, 2021, Plaintiff has elected to ignore and not respond to the document request. (Docket 11-3 and Docket 18 Counterclaim para. 23). Thereafter, on November 9, 2021, Plaintiff's counsel again offered to comply with the EUO requirement. (Docket 18 Counterclaim para. 25). After not appearing for the agreed-upon EUO,

4

Westchester's counsel inquired again about Plaintiff appearing for an EUO on December 13, 2021. (Docket 18 Counterclaim para. 26). In response, once again, Plaintiff agreed to comply with the Policy's EUO requirement on December 14, 2021. (Docket 18 Counterclaim para. 27). After further discussions, and the providing of caselaw confirming that an EUO must proceed when required by an insurance policy before any litigation can occur, Plaintiff's counsel continued to refuse to comply with the Policy's requirements in December 2021. (Docket 18 Counterclaim paras. 28-31).

Based on the foregoing, and as more fully detailed *infra*, the Court should grant summary judgment in Westchester's favor due to the tactical decision of Plaintiff to not comply with a mandatory condition-precedent presentation for an EUO or, in the alternative, compel Plaintiff to appear for an EUO and to stay the litigation pending the completion of the EUO as permitted by Illinois law.

## **THE LAW**

The Policy "Duties in the Event of Loss" ("Duties") provision contains three important conditions here that Plaintiff breached when it filed this lawsuit. The Policy's Duties require Plaintiff to produce books and records when requested by the insurance company ("books and records" clause), to give sworn testimony concerning the claim and the books and records (the "EUO" requirement), and to generally cooperate with the insurance company's investigation ("cooperation clause").

These foregoing Duties are important conditions under Illinois law because an insurer is permitted "to gain as much knowledge and information as may aid in its investigation, or as may otherwise be significant to the insurer in determining its liability under the policy and in protecting against fraudulent claims." *Waste Mgmt., Inc. v. International Surplus Lines Ins. Co.*, 144 Ill. 2d 178, 204 (Ill. 1991). The importance of the books and records clause was confirmed by the Illinois Supreme Court noting that production of such documentation which purportedly

5

supports a claim is a reasonable condition precedent to seeking a recovery under an insurance policy and the failure to comply can result in the barring of a claim. *Horton v. Allstate Ins. Co.*, 467 Ill. App. 3d 1034 (1st Dist. 1984) (*citing Niagara Fire Ins. Co. v. Forehand*, 169 Ill. 626 (1897). The EUO requirement provides an opportunity for the insurance company to verify the insured is not attempting to commit insurance fraud in the submission of a claim. *Passero v. Allstate Ins. Co.*, 196 Ill. App. 3d 602 (1st Dist. 1990) (insured's submission of a claim for stolen property determined to be fraudulent following an EUO and response to a document production request); *Claflin v. Commonwealth Ins. Co.*, 110 U.S. 81, 95, 29 L.E.D. 76, 3 S.Ct. 507 (1884) (for an insurance carrier, a purpose of an EUO is "to protect them against false claims"). Finally, the cooperation clause is an important provision in an insurance policy because it mandates the insured "disclose all of the facts within his knowledge and otherwise to aid the insurer in its determination of coverage under the policy." *Waste Mgmt.,* 144 Ill. 2d at 204; *Piser v. State Farm Mut. Auto. Ins. Co.*, 405 Ill. App. 3d 341 (1st Dist. 2010) (due to importance of appearing for an EUO, the failure to attend an EUO supports barring a claim against an insurer).

Because of the importance of these conditions in investigating claims and detecting insurance fraud, compliance with the EUO, books and records, and cooperation clauses in an insurance policy is a condition precedent to seeking a recovery under a policy. (Docket 1-1, PDF pages 31-32, Section E(3), (6), and (8). *Piser*, 405 Ill. App. 3d at 347; *Horton*, 125 Ill. App. 3d at 1036-37. "With regard to cooperation clauses, the Illinois Supreme Court has noted that '[a]ny condition in the policy requiring cooperation on the part of the insured is one of great importance, and its purpose should be observed.'" *Piser*, 405 Ill. App. 3d at 345 (citations omitted).

Due to the critical importance of an insured to cooperate as requested by the insurer, in both providing documentation requested and appearing for an EUO, the failure to comply with a policy's cooperation requirement mandates the dismissal of the lawsuit seeking recovery on the

6

insurance claim.  *Piser; Hartshorn v. State Farm Ins. Co.*, 361 Ill. App. 3d 731 (2nd Dist. 2005) (failure to produce documentation requested and not appear for an EUO after several requests supported lawsuit's claim's dismissal); *Employers Mut. Cas. Co. v. Skoutaris*, 453 F.3d 915, 925 (7th Cir. 2006); *Wood v. Allstate Ins. Co.*, 21 F.3d 741, 746 (7th Cir. 1994) ("To refuse to submit to an EUO is to breach a policy's cooperation clause, and an insured who does so is not entitled to recover proceeds under the policy").

Alternatively to a dismissal of this claim due to Plaintiff's intentional decision to not comply with the Policy's cooperation clause and to appear for an EUO, a motion to compel compliance with the terms of an insurance policy can be brought through a motion for judgment on the pleadings.  *Wildberry Condo. Assoc. v. Travelers Indem. Co. of Am.*, 20-cv-2130, 2021 WL 767623, at *10 (N.D. Ill. Feb. 28, 2021).  The motion for judgment on the pleadings to compel compliance with a term in the Policy is ripe after an answer is filed.  *Id*.  When evaluating a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the court considers the complaint, answer, and any documents attached to those pleadings.  *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004).  To succeed, the plaintiff "must demonstrate that there are no material issues of fact to be resolved." *Federal Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

Finally, if Westchester's motion to compel the EUO is granted, instead of the dismissal of Plaintiff's claim, this litigation should be stayed until the EUO is completed and Westchester is given an opportunity to evaluate and determine coverage and the applicability of any limitations or exclusions under the Policy based upon the information obtained via the EUO.  Westchester should not be compelled to litigate a claim until its coverage investigation is completed and it can determine if the claim is covered or excluded by the policy.  The stay of litigation pending the completion of a mandatory EUO is permitted under Illinois law.  *Neiman v. Farmers Auto. Ins. Ass'n*, No. 1-15-0302, 2016 WL 1168269, at *3 (1st Dist. Mar. 24, 2016).

# ARGUMENT

I. **The Failure To Appear For An EUO Or Produce Documentation Requested As Part Of An EUO, As Required By The Duty To Cooperate Clause In The Insurance Policy, Merits Summary Judgment In Westchester's Favor**

An insurance policy and its provisions are entitled to the same construction and adherence as other contracts. *Fruit of the Loom, Inc. v. Travelers Indem. Co.*, 284 Ill. App. 3d 485, 494 (1st Dist. 1996). As a result, a "general principle of contract law that a party which has itself breached the terms of a contract may not rely on other terms of the same contract." *M/A Com. Inc. v. Perricone*, 187 Ill. App. 3d 358, 362 (1st Dist. 1989). Further, an insured may not fail to comply with the insurance policy's requirements simply because the insured believes, potentially erroneously, that the insurer has breached the policy's terms. *Waste Management, Inc. v. International Surplus Lines Ins. Co.*, 579 N.E.2d 322, 335 (Ill. 1991).

Summary judgment in favor of an insurer due an insured's non-compliance with an insurance policy's requirements is, "proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Hartshorn*, 361 Ill. App. 3d at 733

There is no dispute the Policy contains a duty to cooperate clause, a requirement the insured produce requested documentation, and to appear for an EUO. (Docket 11-3 and Docket 18 Counterclaim para. 20). There is no dispute that an EUO and request to produce documentation as part of an EUO was issued in accordance with the Policy's terms. (Docket 11-3 and Docket 18 Counterclaim paras. 19 and 42). There is no dispute that the requested documentation and appearance at an EUO has not occurred. (Docket 18 Counterclaim paras. 21, 23-31). There is no dispute that, instead of complying the Policy's cooperation requirement, this lawsuit was prematurely filed before all of the mandatory, condition-precedent requirements were satisfied by Plaintiff. (Docket 18 Counterclaim paras. 21-23).

If an insured does not comply with the request for production of documentation required to evaluate the claim to determine potential coverage and does not appear for an EUO, entry of summary judgment due to noncompliance with an insurance policy's mandatory requirements is appropriate. *Hartshorn*, 361 Ill. App. 3d at 733. The failure to produce requested documentation and to not appear for an EUO despite several requests merited the dismissal of Plaintiff's claim pursuant to summary judgment. *Id.* at 734; *Employers Mut. Cas. Co. v. Skoutaris*, 453 F.3d 915, 925 (7th Cir. 2006); *Wood v. Allstate Ins. Co.*, 21 F.3d 741, 746 (7th Cir. 1994).

In this case, attendance at an EUO and production of documentation as part of an EUO was requested by Westchester, agreed to by the Plaintiff, but then reneged upon and not complied with as required by the Policy. As a result, as supported by Illinois law, the Plaintiff's decision to not satisfy the mandatory condition-precedent requirements of the Policy warrants the entry of judgment in favor of Westchester.

## II. In The Alternative, An EUO Should Be Ordered By This Court And This Litigation Should Be Stayed

In the alternative to the granting of summary judgment to Westchester due to the failure to comply with the pre-requisite appearance for an EUO and production of documentation related to an EUO appearance, caselaw supports the Court's ordering of that an EUO occur and that his matter be stayed until the EUO is completed.

### A. This Motion To Compel An EUO Is Ripe

A motion to enforce an EUO provision in the Policy is ripe for consideration following the closing of the pleadings through the filing of an answer to any complaint or counterclaim. *Wildberry*, 2021 WL 767623, at *9-10. In this case, Westchester filed an Answer to the Complaint and a Counterclaim seeking to enforce the EUO provision in the Policy. (Docket 18 Answer and Counterclaim). Plaintiff filed an Answer to Westchester's Counterclaim. (Docket

19). Therefore, the first element to present a claim to compel an EUO has been satisfied by Westchester.

### B. An EUO Is A Condition Precedent To Filing Of A Lawsuit

Compliance with the cooperation clause in an insurance policy and appearing for an EUO is a condition precedent to seeking a recovery under a policy. *Piser*, 405 Ill. App. 3d at 347; *Horton*, 125 Ill. App. 3d at 1036-37; *Waste Management*, 144 Ill. 2d at 204. Compliance with a condition precedent is mandatory and should be enforced. *Piser*, 405 Ill. App. 3d at 345. The Policy's Commercial Property Condition requires the appearance for an EUO by noting,

> D. LEGAL ACTION AGAINST US
>
> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
>
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

(Docket 18 Counterclaim para. 42).

One of the terms of the Policy is the appearance for an EUO when requested as noted in the Policy's "Duties In The Event Of Loss or Damage" provision,

> The following conditions apply in addition to the Common Policy Conditions and the
>
> Commercial Property Conditions:
>
> * * *
>
> 3. Duties In The Event Of Loss Or Damage
>
> * * *
>
> b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records, in the event of an examination, an insured's answers must be signed.

10

(Docket 18 Counterclaim para. 41).

Therefore, the filing of this lawsuit by Plaintiff was premature and in breach of the obligation under the Policy to first appear for an EUO when requested by Westchester. Plaintiff concedes the Policy contains an EUO requirement, there was a request for an EUO before suit was filed, that attendance for an EUO was agreed upon, but then reneged upon by Plaintiff, and that a lawsuit was filed without an EUO occurring. (Docket 18 Counterclaim Exs. 2-4 and Docket 19 Counterclaim Answer paras. 19 to 30). As a result, despite the clear language in the Policy that a suit cannot be filed before an EUO occurs, Plaintiff filed this lawsuit without satisfying this mandatory, not discretionary, condition-precedent.

> C. **Due To An EUO Being A Condition Precedent To Filing A Lawsuit, Compelling An EUO Is Mandatory And Plaintiff Should Be Compelled To Comply With This Policy Requirement**

There is no dispute that the Policy contains a requirement that an insured, after submitting a claim for coverage under the Policy, must appear for an EUO if requested and that prior to filing a lawsuit involving the Policy, all condition precedents must be satisfied. There is no dispute that an EUO was requested. There is no dispute that Plaintiff has refused to comply with the EUO requirement. There is no dispute that after refusal to comply with the EUO obligation, Plaintiff filed this lawsuit in contravention of the Policy's cooperation clause requirement. Based on the foregoing, Plaintiff breached the requirements of the Policy's cooperation clause, which is a condition precedent to filing suit and is a requirement that must be observed. *Piser*, 405 Ill. App. 3d at 345 and 347; *Wood*, 21 F.3d at 746. As a result, if Plaintiff intends to continue pursuit of a claim under the Policy, then Plaintiff should be compelled to comply with the Policy's prerequisite requirement of appearing for an EUO.

> D. **An Automatic Stay Of The Litigation Is Appropriate**

The litigation against Westchester should be stayed until the mandatory EUO is completed. This follows the Policy's requirement when an EUO is requested, the filing of a

11

lawsuit is prohibited until *after* the EUO occurs. *Neiman v. Farmers Auto. Ins. Ass'n.*, No. 1-15-0302, 2016 WL 1168269, at *3 (1st Dist. Mar. 24, 2016) (Illinois law provides for the stay of litigation until an insurance policy required EUO is completed). Plaintiff filed this suit prematurely and should not be rewarded for their failure to honor the Policy's requirement to appear for an EUO when requested. This premature filing required Westchester to begin litigating this case before it was able to make a coverage determination and investigate the full facts surrounding Plaintiff's storm damages claim. It also prejudices Westchester in determining whether Plaintiff's attempt to invoke the appraisal process in this lawsuit has any merit. Appraisal is appropriate for resolving quantum disputes over covered insurance claims, but cannot be used to determine if a claim is covered. *Travis v. Am. Mfrs. Mut. Ins. Co.*, 335 Ill. App. 3d 1171, 1177 (2002) (disagreement as to valuation is appropriate for resolution through appraisal, but a dispute beyond valuation is not appropriate for resolution through appraisal); *Lytle v. Country Mut. Ins. Co.*, 2015 IL App (1st) 142169 (coverage issues are not within the scope of an appraisal provision); *FTI Intern., Inc. v. Cincinnati Ins. Co.*, 339 Ill. App. 3d 258, 261 (2nd Dist. 2003) (the appraisal process is intended to only determine the value of property at the time of the loss and is not intended or permitted to interpret a contract's terms or determine coverage); *Hanke v. Am. Int'l S. Ins. Co.*, 335 Ill. App. 3d 1164, 1169 (2002) (issues beyond value are not appropriate for appraisal determination). Upon taking the EUO, Westchester may determine that the claim is covered and that any quantum dispute can be resolved by the appraisal process that Plaintiff is attempting to compel. *FTI Intern., Inc.*, 339 Ill. App. 3d at 260 (appraisal process used to determine the amount of a loss sustained under a property policy); *Spring Point Condo. Assoc. v. QBE Ins. Co.*, No. 17 CV 2065, 2017 WL 8209085, at *2 (N.D. Ill. Dec. 13, 2017) (the damage valuation disparity between an insured and insurer is ripe for the appraisal process required under the insurance policy). Alternatively, Westchester may determine the claim is not covered at all and, therefore, the appraisal process is inappropriate. In

either case, the EUO will streamline the litigation as it will either compel the conclusion that appraisal is or is not an appropriate method for resolving this dispute. As a result, a stay of this litigation is appropriate under Illinois law until Plaintiff complies with the contractual requirements to appear for an EUO.

## **CONCLUSION**

Consistent with the foregoing, Westchester respectfully requests the following relief:

1. That summary judgment be entered in favor of Westchester due to the Plaintiff's failure to satisfy the mandatory pre-requisite to appear for an EUO and to produce documentation requested as part of an EUO before filing this lawsuit,

2. In the alternative, Westchester asks that Plaintiff be compelled to appear for an EUO and to produce the documentation requested as part of an EUO,

3. Plaintiff's claim against Westchester is stayed until the completion of the EUO, and

4. For any additional relief deemed appropriate as determined by this Court.

Respectfully submitted,

/s/ *Matthew S. Ponzi*
Matthew S. Ponzi (mponzi@fgppr.com)
Michael S. Errera (merrera@fgppr.com)
Foran Glennon Palandech Ponzi & Rudloff, P.C.
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099
*Attorneys for Defendant Westchester Surplus Lines Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 9, 2022, a copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

Larry E. Bache, Jr.
Merlin Law Group
777 S. Harbor Island Blvd., Suite 950
Tampa, FL 33602
e-mail: lbache@merlinlawgroup.com
*Counsel for Plaintiff*

                                        */s:/ Matthew S. Ponzi*
                                        Matthew S. Ponzi (mponzi@fgppr.com )